**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DIONNE SCOTT** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 19-559-JWD-RLB** |
| **SECURITY PLAN LIFE INSURANCE COMPANY, ET AL.** | |

## ORDER

Before the Court is Defendants' Rule 37 Motion to Compel Answers to Interrogatories and Responses to Request for Production of Documents (R. Doc. 21) filed on January 6, 2020. The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

On October 28, 2019, Defendants served interrogatories and requests for production on Plaintiff. (R. Doc. 21-2).

Plaintiffs had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). The record indicates that on December 9, 2019, the parties held a discovery conference with respect to the absence of timely responses and Defendants provided an extension until December 30, 2019 to provide the responses. (R. Docs. 21-3, 21-4, 21-5). Defendants represent that Plaintiff has not provided discovery responses or objections as of the date of the filing of the instant motion. (R. Doc. 21-1 at 2). Defendants now seek an order finding that Plaintiff has waived her objections to the discovery requests and requiring Plaintiff to pay reasonable expenses incurred with respect to the filing of the instant motion. (R. Doc. 21-1 at 4). Plaintiff failed to file any opposition to the instant motion.

As Plaintiff did not make any timely objections to Defendants' discovery requests, the Court finds that Plaintiff has waived her objections to the discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Accordingly, the Court will require Plaintiff to provide responses to Defendants' interrogatories and requests for production without any objections other than those pertaining to any applicable privileges or immunities.

Given the record, including Plaintiff's failure to file any opposition, the Court will also award Defendant the recovery of reasonable expenses incurred in making the instant motion, including attorney's fees, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Rule 37 Motion to Compel Answers to Interrogatories and Responses to Request for Production of Documents (R. Doc. 21) is **GRANTED**. Plaintiff must provide responses to Defendants' Interrogatories and Requests for Production, without objections, no more than **7 days** from the date of this Order.

**IT IS FURTHER ORDERED** that Defendants are entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this Motion to Compel, and that Plaintiff shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendants may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within 7 days of the filing of Defendants' Motion, file any opposition pertaining to the imposition of the amounts requested by Defendants.

Signed in Baton Rouge, Louisiana, on January 30, 2020.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.*, No. 16-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.